IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN NOOR,

    Petitioner,                    No. CIV S-06-0648 FCD KJM P

    vs.

ROSANNE CAMPBELL, Warden, et al.,

    Respondents.                <u>ORDER</u>

                                      /

           The matter pending before this court is petitioner's 28 U.S.C. § 2254 writ of habeas corpus, filed on March 28, 2006. Petitioner is serving a sentence of 25-years-to-life in a California state prison. He alleges he has been denied parole by the Board of Parole Hearings (BPH) in violation of the United States Constitution. The court has determined further briefing is necessary to resolve the matter. This determination has been made on the basis of a number of recent developments in regard to the substantive law underlying the claims presented by petitioner.

           The federal law governing review of denial of parole in California has been in a state of flux. The Ninth Circuit decided <u>Hayward v. Marshall</u> on January 3, 2008. 512 F.3d 536 (2008). The three-judge panel held, <u>inter alia</u>, that California prisoners have a liberty interest in parole and that the clearly established law governing AEDPA review of a California court

1

decision to uphold denial of parole by either BPH or the Governor is the "some evidence" standard. Id. at 542 (citing Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007) and Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006)). The Ninth Circuit elaborated that for the purposes of "some evidence" review, "the test is not whether some evidence supports the reasons the Governor [or the BHP] cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety." Id. at 543. The holdings of Hayward have been put in question because the Ninth Circuit granted en banc review and heard oral arguments on June 24, 2008. As of February 9, 2009, no opinion has been filed by the en banc court in the case.

      In the meantime, the California Supreme Court has clarified the state law standards of review for denial of parole by BPH or the Governor in In re Lawrence and its companion case, In re Shaputis. In re Lawrence, 44 Cal. 4th 1181 (2008); In re Shaputis, 44 Cal. 4th 1241 (2008). In disapproving the approach taken by some California appellate courts, that solely relied on the minimum elements test, the California Supreme Court held that, "the relevant inquiry is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." In re Lawrence, 44 Cal. 4th at 1112-13 (emphasis in original). Since deciding these two cases, the California Supreme Court has vacated a number of decisions where the appellate courts relied on the minimum elements test in the "some evidence" analysis and sent those cases back for reconsideration in light of In re Lawrence and In re Shaputis. See, e.g., In re Rozzo, 85 Cal. Rptr. 3d 690 (2008).

      Petitioner in the present case had his state petition of habeas corpus denied in a minute order by the Butte County Superior Court on December 25, 2005, and then summarily denied by the Third District Court of Appeal on January 26, 2006. The California Supreme Court summarily denied his petition for review on March 15, 2006. Considering these decisions by the California courts predated the most recent developments in state law by over two years,

there is a reasonable probability that the analysis and perhaps the outcome of his state habeas petition would have been different if he had filed under the present circumstances. On the other hand, this court is not likely to act on the federal habeas petition until the final adjudication of Hayward v. Marshall; considering the likelihood of U.S. Supreme Court review, resolution of the instant petition's merits may well be delayed until 2010. Petitioner's next parole board hearing is in December 2009.

In light of the foregoing, this court directs both parties to brief the following issues:

1. As a general rule, the U.S. Supreme Court has established that federal habeas petitions that have been properly exhausted in state courts should not be remanded back to state courts when there is an intervening change in substantive state law. See Roberts v. LaVallee, 389 U.S. 40 (1967); Francisco v. Gathright, 419 U.S. 59 (1974); but cf. Mabry v. Klimas, 448 U.S. 444 (1980). In light of this court's inability to fully and finally address the merits because of the ongoing en banc review in Hayward v. Marshall, and the better position of California courts to resolve the issues presented by the petition because of developments in state law, does this court have the power to remand Noor's petition to state courts?

2. If this court does have the power to remand under the present circumstances, should it exercise that power? Would remanding the petition to the state courts serve the judicial system's interest in the "efficient and effective administration of justice?" What weight should the court give to maintenance of the status quo in considering this question?

Accordingly, IT IS HEREBY ORDERED that petitioner and respondent file simultaneous briefs addressing the issues outlined in this order, within thirty days of the date of this order.

DATED: February 9, 2009.

/s/ [signature]
U.S. MAGISTRATE JUDGE

ar/noor0648.bror

3