IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN D. NOOR

    Petitioner,                               No. CIV S-06-0648 FCD GGH (TEMP) P

    vs.

ROSANNE CAMPBELL

    Respondents.                       FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the August 23, 2005, decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        Petitioner has another petition before the court, Noor v. Martell, Case No. 2:10-cv-3368 GEB GGH, also challenging a more recent decision of BPH to deny him parole. On January 28, 2011, the court ordered both parties in that case to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011). The parties timely filed briefing. The undersigned found that "it appears that after Swarthout there is no federal due process requirement for a 'some evidence' review, thus

1

1  the federal courts are precluded from a review of the state court's application of its 'some

2  evidence' standard." <u>Noor v. Martell</u>, Case No. 2:10-cv-3368 GEB GGH, Findings and

3  Recommendations at 1-2 (Docket No. 13).  On that basis, the undersigned recommended that the

4  petition in Case No. 2:10-cv-3368 GEB GGH be denied.  On March 22, 2011, the court adopted

5  that recommendation and dismissed the case.

6  　　　　　A review of the petition in this case demonstrates that, like Noor's other petition,

7  Noor seeks relief based on an alleged violation of California's "some evidence" requirement,

8  which he submits was a violation of the federal Due Process Clause.  <u>Swarthout</u> states that the

9  process due a state prisoner in California under the Fourteenth Amendment extends no further

10  than notice of the BPH hearing and a statement of reasons why parole is denied.  The record

11  shows petitioner received both.  "'The Constitution... does not require more.'"  <u>Swarthout</u>, ___

12  U.S. ___, 131 S.Ct. at 862 (quoting <u>Greenholtz v. Inmates of Neb. Penal and Correctional</u>

13  <u>Complex</u>, 442 U.S. 1, 16 (1979)).  Because Noor's petition here asserts substantially the same

14  claim, the parties' briefing in Case No. 2:10-cv-3368 GEB GGH applies with equal force in this

15  case, with the same result: a claim based on the "some evidence" standard does not state a claim

16  on which federal habeas relief can be granted.  Therefore, the petition should be denied.[1]

17  　　　　　Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

18  　　　　　These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to a decision at a prison disciplinary hearing, must be supported by "some evidence."  <u>Superintendent v. Hill</u>, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation also requires "some evidence" before such an assignment can be justified.  <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law after <u>Swarthout</u>.

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within fourteen days after service of the objections.  The parties are
3 advised that failure to file objections within the specified time may waive the right to appeal the
4 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5   If petitioner files objections, he shall also address if a certificate of appealability
6 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
7 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
8 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
9 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).
10 DATED: April 25, 2011

12   /s/ Gregory G. Hollows
  _____
13   GREGORY G. HOLLOWS
  UNITED STATES MAGISTRATE JUDGE

18 GGH:hm
noor0648.157